UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>SHANTEL KREBS, Secretary of State, sued in her individual and official capacity;<br>MARTY JACKLEY, Attorney General, sued in his individual and official capacity; and<br>KEA WARNE, sued in her official capacity;<br><br>Defendants. | 4:18-CV-04015-LLP<br><br><br>ORDER DIRECTING SERVICE |

On December 29, 2017, plaintiff Clayton Walker, appearing pro se, filed a complaint alleging defendants violated his right to equal protection. Docket 1. Walker filed a motion to proceed without prepayment of fees and a financial affidavit. Docket 3. Walker also requests service and a hearing. Dockets 5, 6, and 7.

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000). Based upon his application, Walker indicates that he is currently unemployed and has very limited assets. Docket

3. Considering the information in the financial affidavit, the court finds that Walker has made the requisite financial showing to proceed in forma pauperis.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). At this juncture, the court cannot say the complaint is wholly without merit. "[P]ro se complaints are to be construed liberally . . . ." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (referencing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The court will grant Walker's motion for service (Docket 6) in light of the court's finding that Walker is entitled to proceed in forma pauperis. The court will deny as premature the motions for hearing (Docket 5 and 7), without prejudice to the right of Walker to later file a motion for an evidentiary hearing if so warranted.

Accordingly, it is ORDERED

1. Plaintiff's motion for leave to proceed in forma pauperis (Docket 3) is granted.
2. Plaintiff's motion for service (Docket 6) is granted.
3. Plaintiff shall complete and send to the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.
4. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint and this order, upon defendants.
5. Plaintiff's motions for hearing (Docket 5 and 7) are denied without prejudice.

DATED this 9th day of July, 2018.

BY THE COURT:

*Lawrence L. Piersol*
LAWRENCE L. PIERSOL
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)    DEPUTY