UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************
                              *
CLAYTON WALKER,               *     CIV 18-4015
                              *
            Plaintiff,        *
                              *
    -vs-                      *     MEMORANDUM OPINION AND
                              *     ORDER ON MOTION TO DISMISS
STEVE BARNETT, Secretary of State, *
in his official capacity,     *
                              *
            Defendant.        *
                              *
******************************************************************
```

Plaintiff, Clayton Walker ("Walker), sued Secretary of State Shantel Krebs, Attorney General Marty Jackley and Kea Warne of the Secretary of State's office, for alleged violations of the Voting Rights Act of 1965 and the Equal Protection Clause.[1] Defendants move the Court to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and, alternatively, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendants' motion to dismiss in part and denies it in part.

## FACTUAL BACKGROUND

Walker's complaint was filed pro se, and the Court construes it to have three main claims: (1) SDCL § 12-7-1.2 violates the Equal Protection Clause because it requires independent candidates for governor to select a running mate much earlier than party candidates; (2) the number of signatures required for an independent candidate to be placed on the ballot under SDCL § 12-7-1 is

---

[1] The caption is amended to reflect that the Secretary of State Steve Barnett, in his official capacity, is the only remaining defendant. On January 11, 2019, the Court granted Defendants' motion to substitute parties. Doc. 26. Jason Ravnsborg replaced Marty Jackley in his official capacity as Attorney General. *Id.* Steve Barnett replaced Shantel Krebs in her official capacity as Secretary of State. *Id.*

unconstitutional; and (3) the Secretary of State and Board of Elections unfairly burden independent candidates. Walker alleges that he was running for both governor and the United States House of Representatives. Walker claims he was unable to access the nominating petition because the petition online was in a read-only PDF format. Walker further alleges that Shantel Krebs provided advice to the Election Board as Secretary of State while also running for the United States House of Representatives.

**LEGAL STANDARD**

The motion to dismiss before the court is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). A facial challenge requires the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the nonmoving party receives the same protections as it would if defending a motion to dismiss under Rule 12(b)(6). *Id.* A factual attack challenges the factual basis for subject matter jurisdiction, and the court considers matters outside the pleadings without giving the nonmoving party the benefit of the Rule 12(b)(6) safeguards. *Id.* The party seeking to establish jurisdiction has the burden of proof that jurisdiction exists. *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

When reviewing a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012)). The court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the complaint, the court must construe plaintiff's pro se complaint liberally. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914.

## DISCUSSION

### I. Subject Matter Jurisdiction

Before this Court can consider the merits of the complaint, Walker must demonstrate Article III standing, which requires a justiciable case or controversy. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). "The Constitution requires a party to satisfy three elements before it has standing to bring suit in federal court: injury in fact, causation, and redressability." *Campbell v. Minneapolis Pub. Hous. Auth.*, 168 F.3d 1069, 1073 (8th Cir. 1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998)). An injury in fact must be concrete and particularized, and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Defendants argue that this court does not have subject matter jurisdiction because Walker lacks standing. Doc. 19 at 3. Defendants contend that Walker cannot demonstrate that he has sustained an injury-in-fact because he cannot show that he was a candidate at the time he filed this lawsuit. *Id.* at 4-5. In response, Walker asserts that "the law doesn't require that you have to be a candidate to bring up an issue of an unconstitutional law in court." Doc. 9 at 13.

The Eighth Circuit recognizes a voter's right to challenge ballot access laws. In *McLain v. Meier*, 851 F.2d 1045 (8th Cir. 1988), the Court found that McClain, who had unsuccessfully campaigned in North Dakota for the offices of President of the United States and United States Senator from North Dakota as an independent candidate, in his capacity as a voter, had standing to challenge the ballot access laws because they "would restrict his ability to vote for the candidate of his choice or dilute the effect of his vote if his chosen candidate were not fairly presented to the voting public." *McLain*, 851 F.2d at 1048. "Although the primary impact of restrictive ballot access laws is on the candidates, 'the rights of voters and the rights of candidates do not lend themselves to neat separation; laws that affect candidates always have at least some theoretical, correlative effect on voters." *Id.* (quoting *Bullock v. Carter*, 405 U.S. 134, 143 (1972)). Ultimately, the court in *McLain* concluded that plaintiff had standing to challenge ballot access laws because he suffered an injury as a voter that was fairly traceable to North Dakota's ballot access laws and his injury would be redressed if those laws were declared unconstitutional. McLain, 851 F.2d at 1051–52.

Walker repeatedly refers to himself as an independent voter, not just a candidate. *See* Doc. 21 at 8-10. Walker has alleged an injury-in-fact, not merely a generalized grievance. SDCL § 12-7-1.2 and signature requirements impact independent candidates for governor and lieutenant governor, and Walker claims to be an independent voter. Because SDCL § 12-7-1.2 may unconstitutionally restrict Walker's ability to vote for the candidate of his choice, Walker has standing to challenge the law.

## II. Failure to State a Claim

A Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint." Charles Alan Wright and Arthur R. Miller, 5B Federal Practice and Procedure § 1356 (3d ed.). A complaint is subject to dismissal only when it fails to meet the liberal pleading standard under Rule 8(a), and a motion to dismiss is not a procedure for resolving factual or substantive questions about the merits of a case. *Id.*

### A. Signature Requirements in SDCL § 12-7-1

Walker asserts that the signature requirement for independent candidates in SDCL § 12-7-1 is unconstitutional.[2] Defendants argue that this claim is barred by the doctrine of res judicata. The Court agrees.

Under the doctrine of res judicata, also known as claim preclusion, a claim is precluded by a prior lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998).

In *Walker v. Gant*, CIV 14-5062, Walker challenged the signature requirement and petition deadline for independent candidates in SDCL § 12-7-1. At the hearing on October 31, 2014, this Court described the issues:

> The two issues that Mr. Walker has raised are that 12-7-1 requiring Independent candidates to obtain signatures of one-percent of the electors who cast votes for Governor in the last election is unconstitutional, because it burdens the right of voters and candidates by denying a meaningful opportunity for Independent or, as I call them, non-Party candidates to get on the ballot.

---

[2] The statute provides, in relevant part:

Any candidate for nonjudicial public office, except as provided in § 12-7-7, who is not nominated by a primary election may be nominated by filing a certificate of nomination with the secretary of state or county auditor as prescribed by § 12-6-4 . . . . A certificate of nomination shall be executed as provided in chapter 12-6 . . . . The certificate of nomination shall be signed by registered voters within the district or political subdivision in and for which the officers are to be elected. The number of signatures required may not be less than one percent of the total combined vote cast for Governor at the last certified gubernatorial election within the district or political subdivision.

SDCL § 12-7-1.

5

> The second issue raised by Mr. Walker is, does the South Dakota Statute 12-7-1, setting a deadline for signature petitions of Independent Party candidates, violate the constitutional rights of candidates and voters by denying them a meaningful opportunity to collect signatures and get on the ballot.

CIV 14-5062, Doc. 36 at 36-37. After considering the evidence, hearing argument and analyzing the pertinent case law, this Court upheld the constitutionality of SDCL § 12-7-1, finding that South Dakota's one-percent signature requirement and the deadline for signature petitions are reasonable, nondiscriminatory regulations that do not impose a severe burden on constitutional rights. *Id.* at 38-44.

The Eighth Circuit affirmed, finding that South Dakota's nominating petition deadline and signature requirement did not severely burden Walker's associational rights, "were reasonable restrictions that advanced important state interests," and also satisfied equal protection, "as the state identified compelling interests justifying the differences between the ballot-access requirements for independent and party candidates." *Walker v. Gant*, 606 Fed. App'x. 856 (8th Cir. 2015) (unpublished).

Walker is presenting one of the same issues that this Court and the Eighth Circuit previously resolved in a final judgment on the merits. Walker argues that the parties are not the same, but as the Defendants point out, while the individual holding the office of the Secretary of State has changed, both actions are against the official holding that office. Accordingly, Walker's claim challenging the signature requirement in SDCL § 12-7-1 must be dismissed based on res judicata.

### B. SDCL § 12-7-1.2

Walker asserts that SDCL § 12-7-1.2 is unconstitutional in violation of the equal protection clause because it requires an independent candidate for Governor to select the Lieutenant Governor

candidate before the nominating petitions are circulated, while the party candidates for Lieutenant Governor need not be selected until later.[3]

Defendants do not deny Walker's allegations or that the statute creates a distinction between the treatment of independent candidates and party candidates. Rather, they assert the law is constitutional because the South Dakota Constitution requires the Governor and Lieutenant Governor be elected together. *See* S.D. CONST. art. IV, § 2 ("They shall be jointly elected for a term of four years at a general election held in a nonpresidential election year."). But the fact that the Constitution requires the Governor and Lieutenant Governor to be jointly elected does not render constitutional a deadline by which a candidate for Governor must pick a running mate.

Walker asserts that independent gubernatorial candidates are required to name a running mate much earlier in the electoral process than the Republican and Democrat gubernatorial candidates must, and that this different treatment violates equal protection. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. At this point, on a Rule 12(b)(6) motion to dismiss, the Court does not decide whose position regarding the constitutionality of SDCL § 12-7-1.2 is correct. What it does decide is that Walker has set forth sufficient factual allegations so as to make a plausible claim and, consequently, Defendants' motion to dismiss for failure to state a claim must be denied as to this allegation.

## III. Remaining Claims

Walker's remaining claims in his Complaint contain merely conclusory statements stemming from his dissatisfaction with the Secretary of State's Office. He claims that the Secretary of State and Board of Election unfairly burden independent candidates; that he was unable to access the nomination petition on-line; that the Secretary of State provided advice to the Election Board while also running for the United States House of Representatives; that gerrymandering creates an unfair

---

[3] This statute was enacted after completion of Walker's previous lawsuit.

advantage; that Walker asked for but did not receive assistance; and that Walker can prove election fraud by the Secretary of State's Office and the Attorney General's Office. Even taken as true, the facts alleged cannot establish any violation of the state or federal constitutions.

The Eighth Circuit has held that there is no constitutional basis for a federal court to oversee the administrative details of a state election "in the absence of aggravating factors such as denying the right of citizens to vote for reasons of race, or fraudulent interference with a free election by stuffing of the ballot box, or other unlawful conduct which interferes with the individual's right to vote," or other constitutionally protected right. *Pettengill v. Putnam County R–1 Sch. Dist., Unionville, Mo.*, 472 F.2d 121, 122 (8th Cir. 1973) (per curiam) (citations omitted). In *Pettengill*, residents of a school district alleged that election irregularities deprived them of their right to have their votes undiluted by illegal votes cast in a school bond election. *See id.* at 121. The Eighth Circuit found no constitutional violation and affirmed the district court's dismissal for lack of jurisdiction. *Id.* at 122.

None of the remaining allegations in Walker's complaint rise to the level of the constitutionally impermissible "aggravating factors" identified by the Eighth Circuit in *Pettengill*. Concluding otherwise would require the Court to oversee the South Dakota Secretary of State's Office. Because Walker's remaining allegations fail to articulate a claim against any Defendant upon which relief may be granted, these claims must be dismissed. This includes Walker's claims against Shantel Krebs, in her individual capacity, and Marty Jackley, in his individual capacity.

### IV. Proper Defendants

Defendants request dismissal of Kea Warne and Attorney General Ravnsborg under *Ex parte Young*, 209 U.S. 123 (1909). In general, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Simply put, lawsuits against state officials are treated as lawsuits against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Many suits against a State are barred by the State's Eleventh Amendment sovereign immunity. *See Will*, 491

U.S. at 67. However, an exception to Eleventh Amendment sovereign immunity exists pursuant to the *Ex parte Young* doctrine. Under *Ex parte Young*,

> individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

209 U.S. at 155–56.

According to the Eighth Circuit, "[t]he *Ex parte Young* doctrine does not apply when the defendant official has neither enforced nor threatened to enforce the statute challenged as unconstitutional." *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (quoting *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir.2000)). "[A]ny probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Id.* (quoting *Okpalobi v. Foster*, 244 F.3d 405, 417 (5th Cir. 2001)). "Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Id.* (quoting *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (per curiam)).

In *Missouri Protection and Advocacy Servs., Inc., v. Carnahan*, 499 F.3d 803 (8th Cir. 2007), the Eighth Circuit held that the Missouri Secretary of State was the proper defendant in a voting rights case even though local election authorities were primarily responsible for carrying out the alleged unconstitutional activity. In that case, the plaintiffs challenged Missouri's constitutional provision and implementing statute that denied the right to vote to Missouri residents under a court-ordered guardianship due to mental incapacity. *See id.* at 807. Missouri law gave local county clerks and other authorities the broad power to register voters and administer elections. The Eighth Circuit held, however, that the Secretary of State, statutorily described as "the chief state election official,"

9

and the individual responsible for administering voting laws and overseeing the voter registration process laws, was the proper defendant. *See id.*

Under Missouri law, a person can be prosecuted for knowingly attempting to vote when they are ineligible. *See id.* at 807. Because the Attorney General could prosecute a person under guardianship if they knowingly attempted to vote, the Eighth Circuit held that the Missouri Attorney General also was a proper defendant in that case. *Id.*

The South Dakota Secretary of State is the only proper defendant in the present case where the sole remaining issue is the constitutionality of SDCL § 12-7-1.2. South Dakota law provides that the Secretary of State is "the chief state election official." SDCL § 12-4-33. Thus, the Secretary of State is the person in charge of administering the election laws within South Dakota, including SDCL § 12-7-1.2. That authority subjects her to suit under the *Ex parte Young* exception to Eleventh Amendment sovereign immunity in this case.

In contrast, the Deputy Secretary of State and the Attorney General are not proper defendants under the *Ex parte Young* exception. There is no avenue for Walker to violate SDCL § 12-7-1.2 so as to trigger an Attorney General investigation or prosecution, and there is no showing that these defendants have power over administering SDCL § 12-7-1.2. Deputy Secretary Warne and Attorney General Ravnsborg will be dismissed as defendants.

## VI. Monetary Damages

Claims for monetary damages against a defendant in his or her official capacity are claims against the State of South Dakota. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Damages claims against the State are barred by the Eleventh Amendment, unless South Dakota consented to suit or Congress abrogated its immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (absent waiver by the State or valid override by Congress, "the Eleventh Amendment bars a damages action against a State in federal court"). The State of South Dakota has not waived its Eleventh Amendment immunity for damages actions in federal court and Congress

has not abrogated South Dakota's Eleventh Amendment immunity under § 1983. Thus, all claims for monetary damages against the remaining defendant in his or her official capacity are barred.

Accordingly, IT IS ORDERED:

1. That Defendants' motion to dismiss (doc. 18) is granted to the extent that Shantel Krebs, in her individual capacity, Marty Jackley, in his individual capacity, Jason Ravnsborg, in his official capacity, and Kea Warne, in her official capacity, are dismissed as defendants, and all of Plaintiff's claims are dismissed with the exception of Plaintiff's claim that SDCL 12-7-1.2 is unconstitutional.

2. That the Secretary of State Steve Barnett, in his official capacity, is the only remaining defendant.

3. That the caption in this case is amended as set forth above.

Dated this 29th day of March, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK