UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|                                           |     |              |
|-------------------------------------------|-----|--------------|
| CLAYTON WALKER,                           | \*  | CIV 18-4015  |
|                                           | \*  |              |
| Plaintiff,                                | \*  |              |
|                                           | \*  |              |
| -vs-                                      | \*  | ORDER        |
|                                           | \*  |              |
| STEVE BARNETT, Secretary of State,        | \*  |              |
| in his official capacity,                 | \*  |              |
|                                           | \*  |              |
| Defendant.                                | \*  |              |
|                                           | \*  |              |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Clayton G. Walker ("Walker"), has filed the following documents in this case: motion for clarification (Doc. 78), motion for oral argument (Doc. 79), motion to modify scheduling order (Doc. 80), motion for copy of docket (Doc. 81), objection to scheduling order (Doc. 83), and a letter regarding pending motions (Doc. 88). Defendant, Secretary of State Steve Barnett ("Barnett"), has filed a motion for protective order. (Doc. 84.)

**BACKGROUND**

The sole issue in this case is whether SDCL § 12-7-1.2 is unconstitutional because it requires independent candidates for governor to select a lieutenant governor running mate much earlier than party candidates. On January 27, 2020, Walker moved for a Scheduling Order. (Doc. 66.) On January 30, 2020, the Court granted the motion. (Doc. 67.) Because this case had been pending for almost two years and it involves an election issue, the Court encouraged the parties to complete a report of their discovery plan as soon as possible and to recommend deadlines that will allow for the expedited resolution of the case. (Doc. 67.) The Rule 16 Scheduling Order that was issued on April 28, 2020 gave the parties sufficient time to complete discovery and otherwise prepare their case for disposition. (Doc. 77.) A court trial is scheduled to begin on Tuesday, October 6, 2020.

**1. Plaintiffs' Motions and Miscellaneous Filings (Docs. 78, 79, 80, 81, 83 and 88)**

Most of Walker's currently pending motions and filings are in regard to the Rule 16 Scheduling Order entered on April 28, 2020. He asks for clarification, modification and oral argument.  (Docs. 78, 79 and 80.) In his objection to the scheduling order, Walker requests the deadline to add parties and amend pleadings be changed to after the close of discovery. (Doc. 83.) For the following reasons, the Court denies Walker's motions.

Scheduling orders pursuant to Rule 16(b)(1) "assure[ ] that at some point both the parties and the pleadings will be fixed." Rule 16(b), Federal Rules of Civil Procedure, advisory committee notes—1983 Amendment; *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("Adherence to [scheduling order] deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.' ") (quoting Fed.R Civ.P. 1).

Walker has made no showing that the Scheduling Order in this case needs to be clarified or modified, or that oral argument is necessary on any issue.  His motions are denied and his objection is overruled.

The Court will, however, grant Walker's motion for a copy of the docket sheet, (Doc. 81), and will direct the Clerk of Court to send a copy of the docket sheet to Walker.

**2. Defendant's Motion for Protective Order (Doc. 84)**

In general, a party may take the deposition of any person, including a party, at any time after the Rule 26(d) discovery conference and before the cut-off date for discovery established by the court. *See* Fed.R.Civ.P. 30(a).  Under Rule 30, a party seeking an oral deposition must give a reasonable written notice of deposition identifying time, place and method of recording of the deposition. Fed.R.Civ.P. 30(b). The Rule 16 Scheduling Order in this case states in pertinent part that "[d]epositions must be taken by notice of the opposing parties as specified in the Federal Rules of Civil Procedure." (Doc. 77 at ¶ 2.)

Walker attempted to schedule a deposition of Defendant Barnett, but he failed to comply with the notice provisions in Rule 30 of the Federal Rules of Civil Procedure. (*See* Doc. 85.) Counsel for Defendant communicated with Walker to find a date that everyone was available for Barnett's deposition, and the parties settled on June 23, 2020. (Doc. 85, Ex. F, G.)  By email dated

June 17, 2020, Defendant's lawyer reminded Walker that he needed to provide a Notice of Deposition:

> Mr. Walker: I received your email inquiring about Secretary Barnett traveling to Rapid City on the 23rd. Given that we are three business days away from that date, and have still not received a notice of deposition, arrangements for an out of town deposition and the time commitment for travel, in addition to the deposition itself, are not entirely reasonable. As I stated in my prior email, we do not waive the notice requirement and will require one be served before the deposition. At this point, our preference would be a deposition in Pierre or via remote means such as Zoom, Microsoft Teams, or telephone, while observing the requirements for depositions from the federal rules. Have you made arrangements for a court reporter who can swear in Secretary Barnett and record the deposition? If you need to locate a reporter, I could provide some contacts.

 (Doc. 85, Ex. I.). On June 22, 2020, Defendant filed a Motion for Protective Order asking the Court to forbid Walker from conducting a deposition because he had yet to give proper notice. (Doc. 84.) Walker has not opposed Defendant's Motion for Protective Order. In fact, he indicated to Defendant that he can't take the deposition until after the Court rules on his pending motions. (Doc. 87-1.) Because Walker has failed to provide proper notice of Barnett's deposition, Defendant's motion for protective order is granted. Depositions must be taken by notice as specified in the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED**:

1. That Defendant's motion for protective order (Doc. 84) is granted.

2. That Walker's motion for copy of docket (Doc. 81) is granted, and the Clerk of Court is directed to send a copy of the docket sheet in this case to Walker.

3. That Walker's motion for clarification (Doc. 78), motion for oral argument (Doc. 79), and motion to modify scheduling order (Doc. 80), are denied.

Dated this 1st day of July, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4